## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SYLVIA GONE', et al,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | _____cv_____ |
| | § | |
| **J.E. SMITH II, et al.** | § | **Jury Trial Demanded** |
| **Defendants.** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Now comes Plaintiffs, Sylvia Gone' ("Ms. Gone") and Esmerelda Alejandro ("Ms. Alejandro"), by their attorneys Allie R. Booker and Joseph K. Plumbar and complaining of Defendants Officer J.E. Smith, Officer Salazar, Officer Thornton, and the City of Pasadena (collectively "Defendant Officers"), and unknown Defendants for violations of 42 U.S.C. § 1983 including but not limited to excessive force and false arrest.

**Introduction**

Ms. Gone' and Ms. Alejandro file this action seeking redress for wrongful conduct of the City of Pasadena, and Officer Defendants, J.E. Smith, Officer Salazar, and Officer Thornton. Plaintiffs bring this action pursuant to, among other legal base, 42 U.S.C. § 1983 which provides redress for every person within the jurisdiction of the United States that has been deprived of any right, privileges, or immunities secured by the Constitution and law of the United States, under color of state law.

**Preliminary Statement**

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendment to the United States Constitution.  The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

This action is for damages arising out of violations of federal law and state torts detailed below in an amount greater than $200,000.00.  The acts and practice constituting the violation alleged below have occurred within the jurisdiction of the United States Court, in and for the Southern District of Texas.  In connection with the acts, practice, and violations alleged below, Defendants City of Pasadena, J.E. Smith, Officer Salazar, and Officer Thornton have either directly or indirectly violated Plaintiffs' Sylvia Gone' and Esmerelda Alejandro constitutional rights, by creating and engaging in a practice of the use of excessive force, wrongful arrest, and intentional infliction of emotional distress.  As a result of the wrongful conduct of the Defendants, which was effected with full knowledge of and callous indifference to the constitutional rights of the Plaintiff, said Plaintiffs have suffered irreparable harm of the loss of their constitutional rights to be free from pain and suffering, and all other damages effectuated through the acts of Defendants under the color of law.

**Jurisdiction**

Federal question jurisdiction is proper pursuant to 28 U.S.C. 1331, 1343 (3), and 1983 as Plaintiffs claims arise of the deprivation of Plaintiffs' rights, privilege and immunities under the Constitution and laws of the United States.  Plaintiffs seek attorneys' fees and costs as prevailing party for these claims pursuant to 28 U.S.C. § 1988.

The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367, because each claim arises from the same controversy and from a common nucleus of operative fact.

Venue in the United States Southern District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to Plaintiffs claims occurred.

**<u>The Parties</u>**

1. Sylvia Gone' is a resident of the County of Harris, State of Texas and the United States of America.

2. Esmerelda Alejandro is a resident of the County of Harris, State of Texas and the United States of America.

3. At all times referred herein, Defendant Officers, J.E. Smith, Officer Salazar, and Officer Thornton were employed by the City of Pasadena.

4. Plaintiff sues all defendants in their individual capacities.

5. At all times referred to herein, Defendants acted under color of law, statutes, ordinances, regulations, policies, customs, and usages of the State of Texas.

**<u>Facts</u>**

6. Plaintiffs hereby incorporate paragraphs are set forth above, and are herein incorporated by reference.

7.  On or about the evening of April 19, 2016 Plaintiffs Sylvia Gone' and Esmerelda Alejandro were traveling southbound on Southmore street when they made a U-turn to enter into the Murphy USA gas station located on 510 Southmore, Pasadena, Texas.

8.  As Ms. Gone' exits the car the Defendant J.E. Smith II approach the Ms. Gone' while she begins to pump gas.  J.E. Smith II makes a U-Turn to apprehend the Plaintiffs for allegedly making an illegal U-Turn (See Exhibit A , J.E Smith's Dash Cam video at :39).

9.   J.E. Smith approaches Ms. Gone' and asks for her identification.  (Id. at 1:22-1:40).

10. Ms. Gone' asks the officer what is she being stopped for?  Officer Smith says he does not have to tell her and heads back to his car.  (Id. at 1:40 – 2:20; See Exhibit B Ms. Sylvia Gone' & Ms. Esmerelda Alejandro Affidavits).

11. J.E. Smith returns to Ms. Gone and handcuffs her wrists to the headrest in her car.  (Id. at 2:22 – 2:50; Also See Exhibit B Ms. Sylvia Gone' & Ms. Esmerelda Alejandro Affidavits).

12. J.E.  Smith is seen looking around and lunging at Ms. Gone while pointing the taser gun in Ms. Gone' in her face. (Id. at 3:00 – 3:31; See Exhibit B Ms. Sylvia Gone' Affidavit See Exhibit C 00:00 - 00:26)

13. J.E. Smith then grabs Ms. Gone's hand while she is handcuffed and squeezes her hand to cause pain. Ms. Gone asks Smith to "let [her] go" and yells in agonizing pain (Id. at 00:31-1:00).

14. Ms. Gone' continues to to yell "abuse" and "police abuse" at the top of her lungs as Officer Smith II continues to lunge and harass her. (See Exhibit A, 3:31-5:03).

15. Ms. Gone' continues to comply with J.E. Smith II as she handcuffed to the head rest when Officer Smith tasers her repeatedly. (See Exhibit D Pasadena Police Department Police Report, 14-9233 & Exhibit A at 5:02-5:03).

16. Ms. Alejandro exits the car as not to interfere with Defendant Smith. Ms. Alejandro begins to record Officer Smith abusing Ms. Gone'. (Id. at 3:30 – 5:29).

17. Ms. Alejandro apprises J.E. Smith that Ms. Gone' has medical issues and that tasing her may cause harm to her. Defendant Smith replies "sounds like a personal problem). (Id. at 5:03 – 5:31).

18. As the other officers arrive Defendant Thornton and Defendant Salazar, Defendant Smith instruct them to cuff Ms. Alejandro whom is complying and not interfering with Defendant Smith's detainment of Ms. Gone'. Defendant Smith yells for the other officers to "cuff her ass." (Id. at 5:29 – 6:00).

19. Ms. Gone' still hand cuffed to the head rest is tased again by Defendant Smith to which she asks "why you keep tasing me?'. (Id. at 6:09 – 6:15).

20. Smith confirms that Ms. Gone' is still handcuffed to the headrest and in compliance with his orders. (Id. at 7:14).

21. Smith again uses his taser on a compliant Ms. Gone' handcuffed to the seat whom was not resisting or causing any harm to Officer Smith. (Id. at 7:34 and 7:39).

22. Ms. Gone' apprises the officers that she was not read her rights, after the three defendants released the handcuffs, dragged her out of the car and threw her on the ground while lodging another taser dart while all three defendants had their feet on her back, neck and handcuffed beating her and tasing her while Plaintiff was constrained. (Id. at 7:34 – 9:09 & See Exhibit D).

23. Ms. Gone' was abused so badly by the officer that the judge was shocked at how bad she looked. (See Exhibit B Ms. Sylvia Gone' Affidavit & Ms. Esmerelda Alejandro Affidavit).

24. Both Ms. Gone' and Ms. Alejandro both filed complaints with the City of Pasadena regarding this excessive force and abuse endured at the hands of the Defendant Officers and employees of the City of Pasadena.

## Count 1- Excessive Force

25. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

26. As a result of the Defendants' unjustified and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

27. This conduct violated the Fourth and Fourteenth Amendment to the United States Constitution, and hence 42 U.S.C. §1983.

28. This misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Ms. Gone's and Ms. Alejandro's constitutional rights.

29. The aforementioned actions of the Defendants were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

30. As a result of the unjustified violation of Ms. Gone's and Ms. Alejandro's rights by the Defendants, Ms. Gone' and Ms. Alejandro has suffered injury, including emotional distress.

## Count 2 – False Arrest

31. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

32. As described in the preceding paragraphs, the Defendants unlawfully detained and falsely arrested the Plaintiffs without legal justification or probably cause.

33. Defendants knew that the Plaintiffs had not committed an crimes, and still continued to effectuate the arrest, detention, and prosecution of the Plaintiffs for the charge.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference rights of Plaintiffs.

35. The misconduct described in this Count was objectively unreasonable and was undertake intentionally with willful indifference to Plaintiffs' constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

36. As a result of the unjustified violation of Plaintiffs' rights by the Defendants, Plaintiffs has suffered injury, including emotional distress.

## Count 3- State Law Claim False Imprisonment

37. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

38. Plaintiffs were imprisoned by Defendants, and thereby had their liberty to move and unlawfully restrained, despite the Defendants' knowledge that there was no probably cause for doing so.

39. The actions of the Defendants were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

**Count 4 – State Law Claim: Intentional Infliction of Emotional Distress**

40. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

41. In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including but not limited to:

   a.   Pointing a taser gun in the plaintiff's face without any reasonable justification;

   b.   Continuing to taser Ms. Gone' while she complied with J.E. Smith's instructions;

   c.   Arresting Ms. Alejandro while she was not a part of any investigation nor had committed any crime;

   d.   Beating Ms. Gone and tasing her uncontrollably;

42. The Defendants knew their conduct would cause severe emotional distress to the Plaintiffs and knew there was a high probability that their conduct would cause severe emotional distress to the Plaintiffs.

43. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

44. As a proximate result of this misconduct, Plaintiffs suffered injuries, including but not limited to severe emotional distress.

**Jury Demand**

45. Plaintiffs hereby respectfully request trial by jury.

**Prayer**

46. Wherefore, plaintiffs respectfully prays judgment as follows:

a. For compensatory damages against all defendants in the amount approved at

trial;

b. For exemplary and punitive damages against all Defendants.

c. For costs of suits herein, including plaintiffs' reasonable attorney fees;

d. For such other and further relief as the Court deems proper.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

*/S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
4801 Woodway, Suite 300E
Houston, Texas 77056
(713) 292-2225 office
(713) 583-3999 facsimile

**LAW OFFICE OF JOSEPH K. PLUMBAR**
**/S/Joseph K. Plumbar_**
JOSEPH K. PLUMBAR
Federal Bar No. 1493814
4101 Greenbriar Suite 316
Houston, Texas 77098
(713) 384-5507 (office)
(866) 252-3048 (facsimile)

## NOTICE OF ELECTRONIC FILING

I, Allie R. Booker, Plaintiffs' Attorney, do hereby certify that I have electronically

submitted for filing, a true and correct copy of the above in accordance with the Electronic

Case Files System of the Southern Texas, on this the 14th day of March, 2016.


_____ */S/Allie R. Booker* _____
**ALLIE R BOOKER**