United States District Court
Southern District of Texas
**ENTERED**
May 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SYLVIA GONÉ', *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | § CIVIL ACTION NO. 4:16-CV-684 |
| | § |
| J E SMITH II, *et al*, | § |
| | § |
| Defendants. | § |

## ORDER

This is a § 1983 case in which original plaintiffs Sylvia Goné ("Ms. Goné") and Esmerelda Alejandro ("Ms. Alejandro") seek redress for alleged harms associated with a traffic stop that quickly escalated into confrontation. After a series of amended complaints, the plaintiffs in this action are now Sylvia Hernandez ("Ms. Hernandez"), as the administrator of Ms. Goné's estate, and Ms. Alejandro. (Doc. No. 57.) Defendant police officers ("Defendants") have filed a Motion for Summary Judgment. (Doc. No. 58.)

On February 27, 2017, Defendants served timely requests for admission to both original plaintiffs. (Doc. No. 58, Exhibit #7.) To date, Ms. Alejandro has neither responded to those requests nor moved to withdraw her deemed admissions – despite ample opportunity afforded by the Court. Pursuant to Federal Rule of Civil Procedure 36, Ms. Alejandro's deemed admissions must stand. Given those admissions, Ms. Alejandro cannot establish a claim against any defendant in this case and summary judgment must be granted against her.

For a different reason, Ms. Hernandez's survival claim also fails on the law. Specifically, it is barred by the statute of limitations. "While state law determines the statute of limitations [in § 1983 actions], federal law controls when a cause of action accrues, and it begins to run from

the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Bell v. Children's Protective Services*, 547 Fed. Appx. 453, 456 (5th Cir. 2013). In this case, there is no dispute that Ms. Hernandez's survival claims accrued on April 19, 2014.

"Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015). Plaintiffs argue that the proper statute of limitations is four years and not two, citing *Webb v. Livingston*, 2017 WL 2118969 (S.D. Tex. May 16, 2017). In *Webb*, this Court held that the four-year statute of limitations applied because "heirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none necessary." *Id.* at *2 (citation omitted). In *Webb*, the Court found that no administration was necessary because the plaintiffs had submitted a family settlement agreement executed by all of the decedent's heirs. *Id.* The *Webb* heirs specifically demonstrated that "they [had] arranged to pay the debts of the estate in their family settlement agreement." *Id.* at 3.

Here, there is no such family arrangement. More importantly, records from the Harris County Probate Court preclude our finding that no administration is pending or necessary – to the absolute contrary, an administration is in progress. (Doc. No. 58-23.) Because Ms. Hernandez cannot "prove that there is no administration pending and none necessary," the two-year – not the four-year – statute of limitations applies. *Webb*, 2017 WL 2118969 at *2.

The key question, then, is whether Ms. Hernandez's survival claims were filed within the requisite two year period – that is, between April 19, 2014 and April 19, 2016.

The original complaint was filed in March 2016. (Doc. No. 1.) In that complaint, Ms.

Goné (a decedent at the time of filing) purportedly sought recovery directly from Defendants. A survival claim by Ms. Hernandez was not properly pled until Plaintiffs filed the live complaint (styled as the "Second Amended Complaint" but in fact the fourth pleading) in December 2017. (Doc. No. 57.) Ms. Hernandez argues that the survival claims contained in the live complaint relate back to the filing date of the original complaint.

Federal Rule of Civil Procedure 15(c)(1)(B) concerns the relation back of pleading amendments. It states:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . .

That rule would, at first, appear to apply here, as the underlying conduct in the live complaint is the same as that in the original complaint. The problem is that the two complaints were each pled by a different plaintiff, the first by Ms. Goné and the second by Ms. Hernandez, and constitute different legal claims. The first was a purported action for direct recovery by a deceased person and the latter is a survival action by the administrator of that persons' estate.

The Fifth Circuit has commented on the effect of a pleading amendment that adds new plaintiffs:

> [W]hen it comes to a late effort to introduce a new party, something else is added. Not only must the adversary have had notice about the operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in.

*Williams v. United States*, 405 F.2d 234, 238 (5th Cir. 1968).

In *Armes v. Thompson*, 222 S.W.3d 79, 82-85 (Tex. App. Eastland 2006, no pet.), a Texas court ruled on this exact issue. The original lawsuit was brought in a decedent's name. Later, after the statute of limitations had run, a representative of the decedent's estate tried to

turn the lawsuit into a survival action. The court held that the survival claims presented only through an untimely amended complaint could not retroactively create jurisdiction over a claim that was already barred by limitations.

The same reasoning applies here. Accordingly, all of Ms. Hernandez's claims must be dismissed as untimely.

The Court expresses sympathy for Ms. Hernandez and for Ms. Alejandro insofar as the dismissal of their claims is not a product of anything that they themselves have done or failed to do. However, the law is clear and the Court's duty is unavoidable.

For the foregoing reasons, summary judgment is **GRANTED** to the Defendants on all claims.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, this the 7th day of May, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE